## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **JUDITH MORENO,** | § | |
| **AS NEXT FRIEND OF J.M.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 7:15-cv-00162** |
| | § | Jury Trial Requested |
| | § | |
| **MCALLEN INDEPENDENT SCHOOL** | § | |
| **DISTRICT** | § | |

### PLAINTIFF'S ORIGINAL PETITION

**NOW COMES** Plaintiff, Judith Moreno, as next friend of J.M. (a minor), and files this original petition and request for disclosure against defendants, McAllen Independent School District ("MISD"), and alleges as follows:

### I.      PARTIES

1.      Plaintiff, Judith Moreno, as next friend of J.M. is an individual residing in Hidalgo County, Texas.

2.      Defendant McAllen Independent School District (hereinafter "MISD") is a political subdivision of Hidalgo County, Texas.  Defendant MISD is organized pursuant to law, and charged with the responsibilities of operating and maintaining a public school system within its geographical boundaries and is responsible for the acts or omissions of its teachers, including Ezekiel Gonzalez..  Defendant DISD may be served with process by serving the Superintendent of Schools, James Ponce at 2000 N. 23rd St., McAllen, TX 78501.

### II.      JURISDICTION & VENUE

3.      Pursuant to 28 U.S. Code § 1331, the court has original, federal question jurisdiction over Plaintiff's claims under Title IX of the Education Amendments of 1972.  Additionally, the court has original, federal question jurisdiction over Plaintiff's 42 U.S Code § 1983 claims against defendant.  The Court has supplemental jurisdiction over any state law

claims pursuant to 28 U.S. Code § 1367(a) because the claims are related to the federal claims in that all of such federal and state claims form part of the same case or controversy under Article III of the U.S Constitution.

### III.   FACTS

4.    Whenever it is alleged in this complaint that Defendant MISD committed any act and/or omission, it means that Defendant MISD and/or its officers, principles, agents, teachers, employees, or representatives committed such acts and/or omissions and that at the time, it was done with the full authorization and/or ratification of Defendant MISD or done in the normal and routine course and scope of employment of Defendant MISD and/or its officers, principles, agents, teachers, employees, or representatives.

5.    Some time in early 2012 and continuing throughout the school-year, Ezekiel Gonzalez, while under the employment, supervision, and control of Defendant MISD as a teacher, sought after and sexually violated J.M., a minor.  Such conduct began while Gonzalez, J.M. and several members of the McAllen High School debate team, traveled to San Antonio to compete in a debate tournament lasting several days.  At the time of the sexual violations, Gonzalez was a teacher and J.M. was a minor attending that school.

6.    J.M., Gonzalez, and Venessa Chapa (another teacher chaperone) got together in Gonzalez's room to watch a movie.  After the movie ended, Chapa left, leaving Gonzalez free to engage J.M. in inappropriate sexual conduct. The next evening, after the tournament had ended, J.M. returned to Gonzalez's room, where he once again engaged J.M. in inappropriate sexual conduct.  After returning from the trip, Ezekiel Gonzalez continued to engage J.M. in inappropriate conduct, even doing so while on campus at McAllen High School.  Judith Moreno promptly informed officials at McAllen High School, who feigned an "investigation into the matter" (read: intimidated) by pulling J.M., a minor, out of class and questioning him.  However, no action was taken against Gonzalez, likely due to his status as an educator of the year.    MISD officials, in fact, attempted to pass their obligation by telling Judith Moreno to report the crime to the San Antonio Police Department.  Instead of taking on the difficult task of investigating their own, MISD officials chose to drop the investigation and refused to press criminal charges against the offending educator.  Presumably, the offending educator was allowed to leave MISD with the ability to continue to work at other schools as an educator.

7.      It appears that Defendant MISD's lack of action when it comes to sexual relations between educators and their students is par for the course, as it is an endemic problem on campus.  Another teacher who, having been complained against for "oiling up" the boys on the swim team, and even flirting with them, was merely re-assigned.   Rumors of teachers having sex with several of their students, not only swirled around the hallways, but were openly bragged about, and even bet on, by students.  There is even a video of a teacher and student engaging in sexual conduct.  Gonzalez himself was mocked by students for always pulling male students out of class to "talk to them" in private.  Yet none of these incidents were ever looked into, even when other educators complained directly to the administration.  At every turn, MISD officials simply pretended to see nothing, hear nothing and definitely said nothing to protect the children with whom they were entrusted.

8.      Plaintiff alleges that in Gonzalez committing such acts and/or omissions, Gonzalez was the agent and employee of Defendant MISD and was acting within such agency and employment.

9.      At all pertinent times, Defendant MISD authorized and/or ratified the wrongful tortious acts and/or omissions described herein.  Such acts, committed as they were by a teacher for Defendant MISD, are acts of the District.

10.     As a direct and proximate result of said acts of MISD, J.M., a minor, has suffered the following injuries and damages:

   a.      Violation of her constitutional rights under the 5th, 8th, and 14th Amendments to the U.S. Constitution to be from any state-sponsored deprivation of liberty without due process of law, free from the use of cruel and unusual punishment, and enjoyment of equal protection under the law; and

   b.      Physical and emotional pain, trauma, and suffering.

11.     Plaintiff further alleges that Defendant MISD either knew or had constructive knowledge of improper sexual conduct between faculty and students of MISD.  Defendant MISD did not follow MISD policy or state law, and that they failed to take action to protect Plaintiff J.M., a minor's, rights.

12.     At all pertinent times, Defendant MISD authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

## IV.   CLAIMS FOR RELIEF

13.   **42 U.S. Code § 1983**

a.   The allegations above are hereby incorporated by reference.

b.   The Civil Rights Act of 1871, now codified as 42 U.S. Code § 1983 as federal law, provides:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any state or territory of the District of Columbia, subjects, or causes to be subjected, any citizen of the United States, or any other person within the jurisdiction thereof, to the deprivation of any laws, privileges, or immunities secure by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

c.   The state action requirement for standing under 42 U.S. Code § 1983 is more commonly referred to as "color of state law," from the statute itself.  Plaintiff has knowledge of, believes, and alleges that, in committing said acts and/or omissions, Gonzalez was the agent and employee of Defendant MISD and was acting under color of state law.

d.   42 U.S. Code § 1983 requires that the conduct complained of must have deprived the person of a privilege or immunity conferred by the Constitution or law of the United States.  As such, Plaintiff alleges that Defendant deprived J.M., a minor, of his rights, privileges, and immunities secured by the 5th and 8th Amendments to the Constitution, incorporated and thus applicable to the states through the 14th Amendment.  Defendant violated this provision, with respect to J.M., by the following actions:

i.   Gonzalez made sexual contact with J.M., a minor, and by acting with deliberate indifference to the needs of J.M., a minor, which violated Plaintiff's 8th Amendment protections against cruel and unusual punishments; and

ii.   By failing to intervene, where such intervention would have prevented the inappropriate sexual contact of J.M., a minor.

e.   Defendant violated this provision, with respect to J.M., by the following actions:

    i.     By using objectionable sexual contact or conduct.  Plaintiff, therefore pleads that J.M., a minor, was unlawfully assaulted and oppressed; and

    ii.    By failing to intervene, where such intervention would have prevented the sexual assault and oppression of J.M., a minor.

f.    Defendant's actions and/or omissions were "objectively unreasonable" in light of the facts and circumstances confronting them without regard to their underlying intent or motivation.  Careful attention to the facts and circumstances surrounding this case demonstrates unreasonableness on the part of Defendant MISD.  Defendant failed to install, maintain, and enforce the proper procedures and measures to prevent the acts in question as a matter of policy, which allowed and caused the alleged events to occur.

g.    Pursuant to 42 U.S. Code § 1983, Defendant MISD officials were policy makers for McAllen Independent School District, who , while acting with deliberate indifference under color of state law, deprived J.M., a minor, of the rights, privileges, and immunities conferred by the Constitution and the laws of the Unites States.  The rights Plaintiff alleges were violated are set forth herein.  Such rights were violated when the named Defendant officials of MISD, while acting with deliberate indifference towards their duties, failed to properly and faithfully execute municipal policies to govern the hiring, training, supervision, and discipline of teachers and/or other agents.   Said officials, as policymakers, proximately caused J.M., a minor's, injuries and damages when they committed the following acts and/or omissions:

    i.     Failing to train and supervise its teachers and/or principals adequately concerning interaction with students;

    ii.    Failing to train school officials regarding the proper methods of investigating complaints concerning teachers/principals;

    iii.   Failing to train and supervise its teachers and/or principals and/or school officials regarding the proper manner for reporting suspected child abuse and/or improper relationships between a district employee and a student;

    iv.   Failing to adequately supervise the individual Gonzalez;

    v.       Failing to adequately discipline the individual Gonzalez for his unlawful sexual misconduct;

    vi.     Responding with deliberate indifference to substantial, credible evidence of teacher/principal misconduct arising to the level of a crime;

    vii.    Responding with deliberate indifference to substantial, credible evidence of teacher/principal misconduct arising to the level of a crime and failing to follow proper procedures prescribed by law to deal with such misconduct; and

    viii.   Failing to establish adequate procedures for reviewing teacher/principal performance, in general, and complaints involving allegations of sexual assault/misconduct by teachers/principals in particular.

h.    Qualified good faith immunity stands for the proposition that, even though the civil rights of a complainant may have been violated, if the teacher/principal engaged in good faith, there is no liability for that individual. The standard by which a teacher's entitlement to good faith qualified immunity is objective, not subjective. An objective standard protects "all but the plainly incompetent, or those who knowingly violated the law." The determination of objective reasonableness must be based on a version of the facts most favorable to the Plaintiff. Questions of credibility are to be resolved by the fact-finder. In the instant case, Plaintiff alleges that Gonzalez is not entitled to claim qualified good faith immunity as to any claims for relief or causes of action pled in this petition. Gonzalez did not act in good faith, instead demonstrating incompetence and knowing violation of Plaintiff's civil rights. Thus, any reason given by Gonzalez for his unlawful actions and/or omissions does not warrant the application of qualified good faith immunity.

14.    **42 U.S. Code § 1985**

a.    The allegations referenced above are hereby incorporated by reference in their entirety.

b.    Defendant is additionally liable to Plaintiff for violation of 42 U.S. Code § 1985, in that two or more of them conspired for the purpose of:

       i.      Depriving Plaintiff of equal protection under the law;

      ii.      Depriving Plaintiff of due process under the law; and

     iii.      Hindering the constituted authorities from giving or securing equal protection and due process under the law to all persons.

15. **Assault and Battery**

    a.    The allegations referenced above are hereby incorporated by reference in their entirety.

    b.    As a pendent state cause of action, at all times material and relevant herein, Defendant MISD, by acts and/or omissions and under color of state law did then and there, by acts and/or omissions, intentionally, knowingly and/or recklessly cause severe personal injury to J.M., a minor, through unconsented physical contact with J.M., a minor.

    c.    Under Texas law, the cause of action for offensive sexual conduct is assault and battery.  Thus, Plaintiff alleges that Defendant MISD committed an assault and battery upon Plaintiff.  Defendant MISD's conduct was committed intentionally, knowingly, and/or recklessly and was the proximate cause of the personal and emotional injuries to J.M., a minor.  These injuries were the direct and immediate result of Defendant's wrongful act, and a natural and direct result of the assault and battery.

    d.    Defendant MISD committed an assault and battery upon J.M., a minor, by intentionally and/or knowingly causing physical sexual contact with J.M., a minor. Defendant MISD knew or should have reasonably believed that J.M., a minor, would regard the contact as offensive and/or provocative. Defendant MISD knew or should have known that the acts, as previously described, were provocative, harmful, and/or offensive to J.M., a minor. Said acts of Defendant MISD were committed intentionally, knowingly, and/or recklessly, and they were the proximate cause of bodily and emotional injuries to J.M., a minor. Furthermore, said injuries were the direct and immediate consequences of Defendant MISD's tortious acts and a natural and direct result of the sexual conduct.

e.   At no time was Defendant MISD privileged to take the actions described herein under necessity.  Moreover, Defendant MISD's assault and battery of plaintiff was not objectively reasonable.

16.   **Negligence and Negligence Per Se**

a.   The allegations referenced above are hereby incorporated by reference in their entirety.

b.   Plaintiff asserts that Defendant MISD is liable for Negligence and Negligence Per Se resulting from the manner in which they handled the events that occurred on or about 2012

c.   Plaintiff asserts that Defendant MISD is liable for the negligent hiring, supervising, training, and retention of Gonzalez. Defendant MISD owed Plaintiff a duty to hire, supervise, train, and retain competent employees. Defendant MISD breached those duties with respect to Gonzalez, as they failed to adequately investigate his background, which would have revealed the type of offensive and deviant conduct that he plied on J.M., a minor, as a Defendant MISD teacher. Further, Defendant MISD breached those duties when they failed to adequately supervise, train and retain Gonzalez. Defendant MISD's breaches of their duty to hire, supervise, train and retain competent employees proximately caused J.M., a minor's, injuries and damages.

17.   **TITLE IX**

a.   The allegations referenced above are hereby incorporated by reference in their entirety.

b.   Defendant MISD is a regular recipient of federal funding and has been at all times relevant to this facts giving rise to this cause.

c.   Plaintiff contends that Defendant MISD's failure to have policies, procedures, practices, and customs in place to assure Plaintiff J.M., a minor, was not a victim of harassment and sexual abuse based upon his gender and/or sexual assaults violated his rights pursuant to Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq.*

    d.      Defendant McAllen ISD acted through its teacher, Ezekiel Gonzalez, who, as a teacher, is an agent for Defendant MISD for purposes of Title IX.

18.    **Intentional infliction of emotional distress**

    a.      The allegations referenced above are hereby incorporated by reference in their entirety.

    b.      In the sexual assault of J.M., a minor, Defendant acted intentionally and/or recklessly, and its conduct was so outrageous in character and extreme in degree that it went beyond all possible bounds of decency. Defendant's actions constituted outrageous conduct because it knowingly abused its position of authority as a teacher and knew that Plaintiff was particularly susceptible to emotional distress because he was a minor at the time.  Such conduct by Defendant MISD proximately caused Plaintiff's emotional distress, which was severe, as the acts caused him embarrassment, fright, horror, grief, shame, humiliation, and worry.

## V.    Damages

19.    As a result of the foregoing unlawful and wrongful acts of Defendant, Plaintiff has been caused to suffer general damages that include, but are not limited to, the following: physical pain and mental anguish in the past and future; pain and suffering in the past and future; and severe emotional and mental distress in the past and future.

20.    Pursuant to 42 U.S.C. § 1988, a prevailing party in a Title IX case is entitled to recover its attorney's fees and expert fees. Hence, Plaintiff further prays for all costs, attorney fees, and expert fees associated with bringing the present case to trial.

21.    Plaintiff asserts that all conditions precedent to filing suit have occurred.

22.    Plaintiff demands a trial by jury for which the fee is separately tendered.

    **WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial upon the merits, Plaintiff recover compensatory damages against Defendant along with reasonable attorneys' fees, including expert fees. Further, Plaintiff prays for all prejudgment and post-judgment interest at the highest rate allowed by law that can be assessed against Defendant in the

event of recovery, and Plaintiff prays for any and all further relief, to which she may show herself to be entitled.

The Peña Law Firm, PLLC

By: /s/ Javier Peña
**Javier Peña**
Federal Bar No. 1734609
Email:  office@penalawfirm.com
*LEAD ATTORNEY TO BE NOTICED*

**Uri A. Heller**
Federal Bar No. 2184064
Email: uri@hellerfulda.com
*CO-COUNSEL TO BE NOTICED*

203 S. 10th Ave.
EDINBURG, TX 78539
Tel. (956) 383-0751
Fax. (956) 383-5980
**ATTORNEYS FOR PLAINTIFF**