United States District Court
Southern District of Texas
**ENTERED**
June 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUDITH  MORENO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-162 |
| | § | |
| MCALLEN INDEPENDENT SCHOOL | § | |
| DISTRICT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by McAllen Independent School District ("McAllen ISD" or "Defendant").[1] Judith Moreno ("Ms. Moreno") and Jose Ramiro Moreno ("Plaintiff") filed a timely response, along with sealed exhibits.[2] Shortly after, McAllen ISD filed a motion to strike Plaintiff's evidence.[3] Plaintiff has not responded to the motion to strike. Thus, it is considered unopposed.[4]

These motions are now ripe for decision. After considering the motions, the record and the relevant authorities, for the reasons stated herein, the Court **GRANTS** summary judgment in McAllen ISD's favor on the surviving claims.

### I.   Background

#### a.   Factual

This is a civil rights lawsuit arising from the alleged sexual abuse of Plaintiff by a male teacher employed by McAllen ISD. Ms. Moreno is the mother of Plaintiff.[5] Plaintiff was a

---

[1] Dkt. No. 25. *See also*  Dkt. No. 26 (Defendant's Sealed Exh. A-1 and A-2).
[2] Dkt. No. 27 (response only) and Dkt. No. 28 (response and exhibits).
[3] Dkt. No. 29.
[4] *See* Local Rule 7.4 of the *Local Rules of the United States District Court for the Southern District of Texas*.
[5] Dkt. No. 11 ("First Amended Complaint") at ¶ 15(e)(i).

sophomore at McAllen High School when, "in early 2012 and continuing through the school-year, Ezekiel Gonzalez, while under the employment, supervision, and control of [McAllen ISD] as a teacher, sought after and sexually violated Jose Ramiro Moreno."[6] The inappropriate sexual conduct between Ezekiel Gonzalez ("Gonzalez") and Plaintiff, a minor at that time, allegedly started during a school sponsored trip to a debate tournament in San Antonio.[7] Gonzalez and another teacher, Vanessa R. Chapa, accompanied the students on the trip.[8] The incidents allegedly occurred on the nights of April 20 and 21, 2012.[9] Plaintiff did not initially speak to anyone about what occurred.[10] According to John Cavazos, the Director of Human Resources of McAllen ISD, "no reports of inappropriate behavior were made to [McAllen ISD] by anyone on the trip for the April 2012 debate tournament either during the trip or upon return of the students."[11]

About a year and a half after the San Antonio debate tournament, on November 18, 2013, Child Protective Services ("CPS") notified the McAllen ISD Police Department of an anonymous complaint accusing Gonzalez of having a relationship with an unidentified student.[12] McAllen ISD Police Department investigated the complaint and Gonzalez denied the allegations.[13] However, given that the complaint was anonymous, the CPS investigation was thwarted. CPS could not identify the nature of the relationship or the student's identity and the case was closed for lack of information.[14]

---

[6] *Id.* at ¶ 6.
[7] *Id.*
[8] Dkt. No. 25, Exh. B at p. 43.
[9] Dkt. No. 25 at ¶ 1; Dkt. No. 25, Exh. B at p. 46, p. 89.
[10] Dkt. No. 25, Exh. B at p. 61, p. 63.
[11] Dkt. No. 25, Exh. A at  ¶ 4.
[12] Dkt. No. 25, Exh. A at  ¶ 5.
[13] *Id.*
[14] *Id.*

Plaintiff claims the sexual abuse continued after the trip, including on campus at McAllen High School.[15] He also exchanged text messages with Gonzalez.[16] Eventually, Plaintiff disclosed the sexual abuse to his brother and a friend, but requested they not say anything.[17] At some point Ms. Moreno learned of the abuse and on April 21, 2014, she notified a McAllen High School assistant principal.[18] McAllen ISD states this was the first time it received notification and that it swiftly commenced "an inquiry into the allegations."[19]

McAllen ISD immediately notified the McAllen ISD Police Department and CPS, and additionally placed Gonzalez on paid leave.[20] As part of the investigation, McAllen ISD Police Department interviewed Plaintiff and other individuals.[21] Two days later, on April 23, 2014, Ms. Moreno "advised the District that her children were not to be questioned or removed from class. [She] refused to cooperate any further with the MISD Police Department investigation."[22] In turn, McAllen ISD Police Department notified her, in a letter dated April 23, 2014, that due to her lack of cooperation, the criminal investigation would have to be suspended.[23] As the authorities conducted their investigation, "it surfaced that Ezequiel Gonzalez had been receiving and sending texts to various students on school nights."[24] Gonzalez resigned after admitting to this conduct.[25]

---

[15] First Amended Complaint at ¶ 7; Dkt. No. 25, Exh. B at p. 80.
[16] Dkt. No. 25, Exh. B at p. 80.
[17] *Id.* at p. 89.
[18] Dkt. No. 25, Exh. A at  ¶ 6.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*; *see also* Dkt. No. 26, Exh. A-1.
[23] Dkt. No. 25, Exh. A at ¶ 6; *see also* Dkt. No. 26, Exh. A-2.
[24] Dkt. No. 25, Exh. A at ¶ 6.
[25] *Id.*

*b. Procedural*

On April 15, 2015, Ms. Moreno filed the instant lawsuit as next friend of Plaintiff.[26] McAllen ISD subsequently filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), objecting to Ms. Moreno bringing the lawsuit as next friend, as Plaintiff was no longer a minor and did not lack capacity to sue.[27]   In response, Ms. Moreno sought, and was granted, leave to add Jose Ramiro Moreno as an additional plaintiff.[28]

On June 4, 2015, McAllen ISD filed a Rule 12(b)(6) motion to dismiss seeking to dismiss all of Ms. Moreno's claims.[29]   Shortly thereafter, McAllen ISD filed a second motion to dismiss, this time seeking to dismiss Ms. Moreno's and Plaintiff's state law tort claims.[30]   The Court ruled on the motions to dismiss on March 31, 2016, dismissing all of Ms. Moreno's claims and further dismissing Plaintiff's state law claims.[31] The surviving claims for this Court's current consideration are those of Plaintiff alleging violation of federal rights.

The Court now turns to the pending motion for summary judgment and related matters.

## II.   Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[32]   A fact is "material" if its resolution could affect the outcome of the action,[33] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-

---

[26] Dkt. No. 1.
[27] Dkt. No. 6.
[28] *See* First Amended Complaint.
[29] Dkt. No. 12.
[30] Dkt. No. 20.
[31] *See* Dkt. No. 34.
[32] FED. R. CIV. P. 56(a).
[33] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)(internal quotation marks and citation omitted).

movant."[34]   As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[35]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[36]   In this showing, "bald assertions of ultimate fact" are insufficient.[37]   Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[38]   On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[39]   If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[40]   This demonstration must specifically indicate facts and their significance,[41] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[42]

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[43]   Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but

---

[34] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)(citation omitted).

[35] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[36] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[37] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978)(citation omitted).

[38] *See Celotex Corp.*, 477 U.S. at 323.

[39] *See id.* at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).

[40] *See id.*

[41] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[42] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008)(citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).

[43] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)(citations omitted).

disregards evidence the jury is not required to believe.[44]  Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[45]  Parties may cite to any part of the record, or bring evidence in the motion and response.[46]  By either method, parties need not proffer evidence in a form admissible at trial,[47] but must proffer evidence substantively admissible at trial.[48] However, allegations set out in pleadings are not evidence.[49]

Here, McAllen ISD proffers the declaration of John Cavazos, the Director of Human Resources of McAllen ISD, along with its supporting attachments.[50] McAllen ISD further proffers excerpts of the deposition of Plaintiff conducted on November 18, 2015.[51] Plaintiff does not object to McAllen ISD's evidence.

In support of his position, Plaintiff submits as exhibits two affidavits and several documents.[52] The exhibits, as well as the response itself, were filed under seal. However, except as to Exhibit E, neither the response nor the exhibits are protected from disclosure.[53]

---

[44] *See id.*

[45] *See* FED.R.CIV. P. 56(e).

[46] *See* FED. R. CIV. P. 56(c).

[47] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

[48] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").

[49] *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996) ("[P]leadings are not summary judgment evidence.")

[50] Dkt. No. 25, Exhs. A; A-3; A-4; A-5; Dkt. No. 26, Exhs. A-1; A-2.

[51] Dkt. No. 25, Exh. B.

[52] Dkt. No. 28, Exhs. A-I.

[53] Plaintiff's exhibits are all filed with the conspicuous disclaimer "Protected by FERPA, Confidential and Not Subject to Public Disclosure." The Family Educational Rights and Privacy Act (FERPA) imposes an obligation on educational agencies or institutions not to disclose educational records without parent or an eligible student's consent. 20 U.S.C.A. § 1232g (West). The majority of Plaintiff's exhibits are not educational records. Therefore, the citation to FERPA is inapposite. Even then, an exception to FERPA exists when a student initiates legal action against the institution. Dep't of Educ. Family Educ. Rights and Privacy, 34 C.F.R. 99.31(a)(9)(iii)(B) (2004). In that circumstance, the educational agency or institution may disclose to the court the student's records that are relevant to its defense without obtaining consent. *Id.* The Supreme Court has also established that FERPA's confidentiality provisions confer no enforceable rights. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 274 (2002).

Accordingly, the Court **ORDERS** the response and Exhibits A, B, C, D, F, G, H and I **UNSEALED**. Exhibit E remains sealed.

McAllen ISD objects to each piece of evidence and moves to strike Plaintiff's evidence from the summary judgment record.[54] Plaintiff failed to respond to the objections or the motion to strike. The Court must now determine if the proffered documents are competent summary judgment evidence. Due to the insufficient form of some of McAllen ISD's objections, the Court will only address the relevant issues. The Court thus considers the objections as follows.

  a.  *Exhibits A and B - the Affidavits*

"An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[55] The United States Court of Appeals for the Fifth Circuit has long noted "the admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial."[56] Since hearsay evidence is inadmissible at trial,[57] it is not competent summary judgment evidence. Thus, hearsay evidence in affidavits is not appropriate for consideration in ruling on a summary judgment motion.[58] Under Federal Rule of Civil Procedure 56(c)(2), a party may object to material that cannot be presented in a form that would be admissible in evidence.

Exhibit A is the affidavit of Plaintiff.[59] McAllen ISD objects to this affidavit on the basis that it "includes hearsay as a matter of law and is inadmissible under Rule 408 of the Federal

---

[54] Dkt. No. 29.
[55] Fed. R. Civ. P. 56 (c)(4).
[56] *Resolution Trust Corp. v. Starkey,* 41 F.3d 1018, 1024 (5th Cir.1995).
[57] *See* Fed. R. Evid. 802
[58] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547 (5th Cir. 1987).
[59] Dkt. No. 28, Exh. A.

Rules of Evidence."[60] McAllen ISD requests the Court to sustain its objection and strike Exhibit A from the summary judgment record.[61] As a preliminary matter, the Court notes that Rule 408 relates to the admissibility of compromise offers and negotiations.[62] In addition to citing to an unrelated rule of evidence,[63] McAllen ISD fails to direct the Court to specific statements within the affidavit that it contends are hearsay. Instead, it globally requests the Court to strike the entire exhibit from the record. However, even when an affidavit contains hearsay, only those statements properly objected to should be stricken.[64] Thus, the Court will disregard only the inadmissible hearsay statements.[65]

The Court has reviewed Plaintiff's affidavit and **DENIES** McAllen ISD's request to strike the affidavit from the record. While the affidavit does contain some hearsay statements,[66] Plaintiff states, under oath, several facts that are within his personal knowledge as to what he allegedly experienced with Gonzalez in San Antonio and on campus, and when he reported the abuse. As such, McAllen ISD's objection is **SUSTAINED** in part and **OVERRULED** in part.

Exhibit B is the affidavit of Christy Flores ("Flores").[67] McAllen ISD objects to this affidavit on the same grounds as Exhibit A.[68] For the same reasons articulated above, after reviewing the Flores affidavit, the Court **DENIES** McAllen ISD's request to strike the affidavit from the record. The affidavit does contain some hearsay statements,[69] but Flores states, under oath, several relevant facts that are within her personal knowledge. For example, she describes

---

[60] Id. at ¶ 1. It appears that Defendant also copy-pasted this objection throughout the motion, failing to articulate how the rule applies in each objection, let alone directing the Court to specific statements in the affidavit.

[61] Id.

[62] See Fed. R. Evid. 408.

[63] There is no indication by the parties that there were settlement negotiations.

[64] See Salas v. Carpenter, 980 F.2d 299, 304 (5th Cir.1992)(citations omitted).

[65] Id. ("The court should disregard only the inadmissible portions of a challenged affidavit.")

[66] For example, Plaintiff speaks about rumors and allegations on campus about teacher-student relationships. See Dkt. No. 28, Exh. A at p. 1, p. 5.

[67] Dkt. No. 28, Exh. B.

[68] Dkt. No. 29 at ¶ 2.

[69] For example, Flores speaks of rumors and allegations on campus about teacher-student relationships. See Dkt. No. 28, Exh. B.

observations regarding Gonzalez's interactions with male students in detail.[70] She also states that she made a complaint of this conduct to then Principal Christine Beck and that her complaint was summarily marginalized.[71] Therefore, the portions of the affidavit that reflect the first-hand observations of Flores are admissible for consideration in the analysis below. As such, McAllen ISD's objection is **SUSTAINED in part and OVERULED in part**.

       *b.  Exhibits C - I*

    McAllen ISD objects to Exhibits C - I on the basis that they are not verified nor authenticated under oath, and constitute hearsay.[72] McAllen ISD requests the Court to sustain its objection and strike each exhibit from the summary judgment record.[73] Exhibits C, F, G, H and I are all letters neither sworn nor under oath.[74] Exhibit D is a resolution order and Exhibit E is the McAllen ISD Police Investigation file pertaining to this case.[75] Neither Exhibit D nor E is accompanied by a business records affidavit. Because unauthenticated and unverified documents are not proper summary judgment evidence,[76] the Court **SUSTAINS** McAllen ISD's objection and **GRANTS** McAllen ISD's motion to strike these exhibits.

    In summary, the Court has stricken Plaintiff's Exhibits C, D, E, F, G, H, and I from the record. Again, the remaining exhibits (the affidavits) will be considered only to the extent they are admissible.[77]

---

[70] Dkt. No. 28, Exh. B at p. 1 ("My class room was across from his . . . What was more disturbing was that nearly every single day, [Gonzalez] would pull male students out of his class to speak to them alone in the hallway. It was always the same routine. The student would have his back against the wall with [Gonzalez] right up in his face or with his arm on the wall next to the boy's head.").

[71] *Id.* (Before April 2011, and before being placed on administrative leave, Flores avers that she complained about Gonzalez's behavior to Principal Beck. In response, Principal Beck told Flores she was "just imagining things.").

[72] Dkt. No. 29 at ¶¶ 3-8.

[73] *Id.*

[74] *See* Dkt. No. 28, Exhs. C, F, G, H and I.

[75] *See id.*, Exhs. D and E.

[76] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (discussing an unsworn and unauthenticated letter) (per curiam); *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187, 192 (5th Cir.1991) (discussing an unauthenticated letter).

[77] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

### III.    Motion for Summary Judgment

As noted, Plaintiff's only remaining claims are those asserted under federal law. In particular, Plaintiff asserts violations of his Fifth, Eighth and Fourteenth Amendment rights. Plaintiff does not specifically identify what rights under the Fifth and Fourteenth Amendment he alleges were violated but as to the Eighth, he asserts he was subject to cruel and unusual punishment. Plaintiff also asserts, as a constitutional violation, that he was assaulted and oppressed and that McAllen ISD failed to intervene to prevent the assault and oppression. Additionally, Plaintiff alleges a violation of 42 U.S.C. §1985 and 20 U.S.C. § 1681("Title IX").

McAllen ISD moves for summary judgment as to all of Plaintiff's claims. McAllen ISD argues that Plaintiff's Section 1983 claim under the Fifth, Eighth, and Fourteenth Amendments are barred as a matter of law because Plaintiff "cannot establish an alleged violation by person acting under color of state law and cannot establish municipal liability. . . ."[78] More specifically, McAllen ISD contends that Plaintiff's only "arguable right" is his right "to be free from state-occasioned damage to a person's bodily integrity," and argues that even this claim fails because Plaintiff has no evidence of municipal liability.[79] McAllen ISD also argues Plaintiff cannot establish a violation of Section 1985,[80] and that his Title IX claim should be denied as a matter of law.[81] The Court addresses each claim in turn.

#### a.  **Plaintiff's Section 1983 Claim**

##### i.  *Legal Standard*

As Plaintiff claims his constitutional rights to be free "from any state-sponsored deprivation of liberty without due process of law, free from the use of cruel and unusual

---

[78] Dkt. No. 25 at ¶ 9.
[79] *Id.* at ¶ 9.1.
[80] *Id.* at ¶¶ 10 - 10.3.
[81] *Id.* at ¶¶ 11- 11.5.

punishment, and enjoyment of equal protection under the law; and [p]hysical and emotional pain, trauma, and suffering" under the Fifth, Eighth, and Fourteenth Amendments were violated.[82] Plaintiff elaborates minimally on these claims, stating:

> Gonzalez made sexual contact with Jose Ramiro Moreno, and by acting with deliberate indifference to the needs of Jose Ramiro Moreno, which violated Plaintiff's 8th Amendment protections against cruel and unusual punishments . . .
>
> By using objectionable sexual contact or conduct, Jose Ramiro Moreno, therefore pleads that he, was unlawfully assaulted and oppressed; and . . .
>
> By failing to intervene, where such intervention would have prevented the sexual assault and oppression of Jose Ramiro Moreno, said actions were the direct and proximate causes of his injuries.[83]

"Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating already conferred federal rights."[84] Thus, to state a claim under Section 1983, a party must sufficiently plead (1) a violation of a right secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law.[85] Under Section 1983, municipalities and other local government units, like school districts, are considered persons subject to liability.[86] However, only official district policy or custom can expose a school district to liability for constitutional rights violations.[87]

As noted, Plaintiff alleges violations of his constitutional rights under the Fifth, Eighth, and Fourteenth Amendments.[88] However, Plaintiff does not differentiate as to which facts/claims arise under which constitutional amendments. The Court briefly addresses what Plaintiff must show as to each. For Plaintiff to succeed on a Fifth Amendment claim, he must show that a

---

[82] First Amended Complaint at at ¶ 11.
[83] *Id.* at 15(d).
[84] *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).
[85] *Resident Council of Allen Parkway Vill. V. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993) (citing *West v. Atkins*, 487 U.S. 42, 48 (1998)).
[86] *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978).
[87] *Rivera v. Houston Indep. Sch. Dist.*, 349 F .3d 244, 247 (5th Cir.2003).
[88] First Amended Complaint at ¶ 11.

*federal* action deprived him of rights.[89] As to the Eighth Amendment claim, Plaintiff must show that he was *convicted* and that the conditions of his confinement constituted "cruel and unusual punishment."[90] Finally, as to the Fourteenth Amendment Due Process claim, Plaintiff "must show that [he] asserted a recognized 'liberty or property' interest within the purview of the Fourteenth Amendment . . . and that [he was] intentionally or recklessly deprived of that interest, even temporarily, under color of state law . . . ."[91] For Plaintiff to succeed with a claim under the Equal Protection Clause of the Fourteenth Amendment, he must show that a state actor intentionally discriminated against him due to his membership in a protected class.[92]

Additionally, to impose "municipal liability" on a school district like McAllen ISD, Plaintiff must prove the existence of: (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom.[93] "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under §1983 on a *respondeat superior* theory."[94] For municipal liability to attach to McAllen ISD, the unconstitutional conduct must be "directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability."[95] In other words, a municipality or city may be liable to suit under Section 1983 based upon a policy or custom but only if the claim is "based upon the implementation or execution of a policy or

---

[89] *Dusenbery v. United States*, 534 U.S. 161(2002) ("Due process clause of Fifth Amendment prohibits the United States, as due process clause of Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law.").

[90] *Wilson v. Seiter*, 501 U.S. 294 (1991).

[91] *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990) (citations omitted).

[92] *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (citations omitted).

[93] *See Piotrowski v. City of Houston*, 237 F.3d 567, 578-79 (5th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)).

[94] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (emphasis in original).

[95] *Piotrowski*, 237 F.3d at 578.

custom which was officially adopted by that body's officers."[96]Thus, consideration of the three principles of municipal liability is integral to distinguishing individual violations by employees from actions of the governmental entity itself.[97]

> For Section 1983 purposes, an "official policy" is:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.[98]

Additionally, in regard to a failure to train claim, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under [Section] 1983."[99] Thus, in this case, municipal liability can be established by showing that (1) McAllen ISD's training procedures were inadequate; (2) McAllen ISD was deliberately indifferent in adopting its training policy; and (3) the inadequate training policy directly caused Plaintiff's constitutional violations.[100]  It is not enough to show mere negligence or gross negligence: "a plaintiff usually must demonstrate a pattern of [constitutional] violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation."[101]

---

[96] *Krueger v. Reimer,* 66 F.3d 75, 76 (5th Cir. 1995).
[97] *Piotrowski*, 237 F.3d at 578.
[98] *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (per curiam), *cert. denied*, 105 S.Ct. 3476 (1985).
[99] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).
[100] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161 (5th Cir. 2010).
[101] *Yara v. Perryton Indep. Sch. Dist.*, 560 Fed. Appx. 356, 360 (5th Cir. 2014) (citation omitted).

Finally, there must be a direct causal link between the policy and the constitutional deprivation.[102] As the following analysis shows, McAllen ISD's motion for summary judgment on Plaintiff's Section 1983 claim must be granted.

  *b. Analysis*

As the Court noted, Plaintiff does not differentiate as to the facts or claims asserted as to each alleged violation. It is clear that Plaintiff neither alleges a federal action, nor raises a fact issue as to a federal action, and thus cannot establish a Fifth Amendment claim. It is also clear that Plaintiff does not allege he has been convicted of any crimes, nor does he raise a fact issue of such, and thus fails to establish an Eighth Amendment claim. The only possible claims are those arising under the Fourteenth Amendment. Pertinent to this case, the Fifth Circuit has long recognized that a student sexually abused by a school employee is deprived of a liberty interest protected under the "substantive due process component of the Fourteenth Amendment."[103] Thus, as a student Plaintiff had a right to be free from state-occasioned damage to his bodily integrity.[104]

When a student brings forth both an equal protection claim and substantive due process claim under the Fourteenth Amendment in a lawsuit arising out of a teacher's alleged sexual assault, courts in the Fifth Circuit have found that a student's substantive due process claim supersedes any equal protection claim, absent any arguments to the contrary.[105] In *Doe v. Taylor*

---

[102] *Piotrowski*, 237 F.3d at 580.
[103] *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 451-52 (5th Cir. 1994)(collecting cases that establish the Constitution protects schoolchildren from state-occasioned physical and corporal punishment that is arbitrary, capricious, or wholly unrelated to legitimate state interests; and holding that the Fourteenth Amendment also protects children against physical sexual abuse by state actors).
[104] *Id.* at 450-51 (citing *Shillingford v. Holmes,* 634 F.2d 263, 265 (5th Cir.1981)).
[105] *Doe v. Beaumont I.S.D.*, 8 F. Supp. 2d 596, 613 (E.D. Tex. 1998)(citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d at 458); *A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 998 (S.D. Tex. 2014), *aff'd sub nom. King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015)(citing *Doe v. Beaumont I.S.D.,* 8 F.Supp.2d at 613); *Brittany B. v. Martinez*, 494 F. Supp. 2d 534, 539-40 (W.D. Tex. 2007).

*Indep. Sch. Dist.*, the Fifth Circuit declined to reach the question of whether a student had stated a viable equal protection claim when her substantive due process claim addressed the same misconduct.[106] Furthermore, Plaintiff here, like the *Taylor Indep. Sch. Dist.* plaintiff, "does not claim that the damages that [he] could recover . . . based on . . . alleged violation of [his] equal protection rights would be any more extensive than the damages that [he] could recover based on the substantive due process violation."[107] Plaintiff also fails to raise an argument to the contrary. Accordingly, the Court will not consider separately Plaintiff's equal protection claim.

The pivotal issue here is whether McAllen ISD is liable for the conduct of Gonzalez. On this critical question, McAllen ISD argues that Plaintiff has failed to raise a fact issue on his theory that Plaintiff's rights were violated because McAllen ISD failed to train, supervise, and discipline Gonzalez.[108] Additionally, McAllen ISD argues Plaintiff lacks the evidence to support his claim of municipal liability. The Court will focus its analysis of these claims by reviewing first whether Plaintiff has presented evidence sufficient to raise a fact issue on the failure to train claim. The Court will consider separately whether Plaintiff raises a fact issue as to McAllen ISD's municipal liability.

### i.  Failure to Train/Supervise

The Court considers first Plaintiff's failure to train claim. In order to prevail on an inadequate training claim, a plaintiff must "allege with specificity how a particular training program is defective."[109]  On this element, McAllen ISD argues Plaintiff has not alleged, and lacks evidence to prove, inadequate training, supervisory, or disciplinary policies that relate to

---

[106] *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d at 458.
[107] *Id.*
[108] Dkt. No. 25 at ¶ 9.6; ¶¶ 9.7-9.75.
[109] *Zarnow*, 614 F.3d at 170 (citing *Roberts v. City of Shreveport,* 397 F.3d 287, 293 (5th Cir.2005)).

the violation of his constitutional rights.[110]   The Court agrees with McAllen ISD: Plaintiff's summary judgment evidence fails to identify the presence or absence of training programs, or even detail with specificity how any of the district's training programs are defective. Plaintiff's summary judgment evidence also fails to describe procedures used to train teachers, administrators and other school employees, or make direct reference to the particular inadequacies of their training regarding how to handle sexual abuse claims.

Because this claim falters on the first point, the Court need not address the other two prongs of training liability. However, "even assuming the alleged customs, policies, and failures to train existed among [McAllen ISD] employees, "[t]here is no evidence that the Board knew of this behavior or condoned it."[111] Again for McAllen ISD to be liable for the failure to train or supervise, the board of trustees must have actual or constructive notice of the constitutional violations at the campus. "[O]therwise the [b]oard's failure could not be a conscious or deliberate choice."[112] Plaintiff's failure to train and failure to supervise theory fails because Plaintiff presents no evidence to show a genuine issue of material fact that the McAllen ISD's board of trustees was aware of ongoing violations on campus.

Plaintiff also fails to provide competent evidence such to create a genuine dispute of material fact on whether there was a pattern of sexual abuse within the district. More devastatingly to his case, Plaintiff fails to show that the board of trustees of McAllen ISD were aware of this and deliberately chose to do nothing. Plaintiff has failed to show McAllen ISD's liability under the theory it failed to train or supervise its employees, and the record is wholly bereft of any evidence supporting such a claim.

---

[110] Dkt. No. 25 at ¶ 9.7.2.
[111] *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 413 (5th Cir. 2015).
[112] *Yara*, 560 Fed. Appx. at 360 (citing *Porter v. Epps,* 659 F.3d 440, 447 (5th Cir.2011)).

*ii.  Municipal Liability*

Because Plaintiff's complaint is poorly drafted, the Court considers separately whether Plaintiff can sustain a claim of municipal liability under Section 1983.  Plaintiff must show proof of three elements: a policymaker, an official policy and a violation of constitutional rights whose moving force is the policy or custom.[113] The Fifth Circuit has determined that under Texas law, a school district's board of trustees is the exclusive and final policymaking authority.[114] Here, Plaintiff must show that his constitutional rights were violated through an official policy, or custom, attributable to the McAllen ISD board of trustees.[115] Consequently, for Section 1983 liability Plaintiff cannot impute the actions of principals, teachers and other subordinates to the school district.  Furthermore, it is not enough for Plaintiff to only allege conduct attributable to McAllen ISD. Plaintiff must present summary judgment evidence that McAllen ISD's board of trustees' policy or custom was the moving force behind his injuries.[116]

Here, McAllen ISD's summary judgment evidence shows that the board is conferred with the "final authority to determine and interpret the policies that govern the schools, and . . . has complete and full control of the District."[117] Thus, McAllen ISD argues that actions or inactions of its employees complained of by Plaintiff do not "amount to official policy by a policymaker."[118] McAllen ISD also provides its current policies relating to discrimination, harassment and improper conduct with students,[119] as well as its adopted procedures for staff,

---

[113] *Doe ex rel. Magee v. Covington County Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866 (5th Cir. 2012)(citations omitted).
[114] *Rivera v. Houston Independent School District*, 349 F.3d 244, 247 (5th Cir. 2003)(citing to Tex. Educ. Code §11.151(b)("The trustees as a body corporate have the exclusive power and duty to govern and oversee the management of the public schools of the district.")).
[115]  *Eugene v. Alief Indep. Sch. Dist.,*65 F.3d 1299, 1304 (5th Cir.1995), *cert. denied,* 517 U.S. 1191(1996)(citation omitted).
[116] *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997).
[117] Dkt. No. 25, Exh. A-3 at p. 1.
[118] Dkt. No. 25 at ¶ 9.8.3.
[119] Dkt. No. 25, Exh. A-4.

students and parents to report such prohibited behavior.[120] Plaintiff has not offered evidence to show that the board of trustees had actual or constructive knowledge of employees failing to follow these policies and procedures.

In his response, Plaintiff never once mentions the McAllen ISD board of trustees, or provides evidence to show that the members of the board had actual or constructive knowledge of the litany of "failures" identified in the complaint. There is no evidence put forth to show that the issues here were presented to the board of trustees. There is no evidence that the McAllen ISD board of trustees, the final policymaker, had knowledge of complaints about the inappropriate relationships between students and teachers at McAllen High School, or of Gonzalez's actions more specifically. There is no evidence that the board had received complaints about Gonzalez prior to the events in San Antonio in April 2012, or for that matter soon thereafter.

While the record indicates there were concerns raised about Gonzalez to a McAllen ISD principal in April 2011,[121] and an anonymous complaint referred to the McAllen ISD police department in November 2013,[122] those employees were not delegated policymaking authority under Texas law.[123] Even were the Court to consider that the complaint made to the McAllen ISD police should have alerted the police to a potential sexual abuse problem, there is no evidence that the complaint was ever made known to the McAllen ISD board of trustees.

Without showing that the board, the policymaker here, had the requisite knowledge of the policies or customs complained of and the pervasive failures alleged, Plaintiff fails to satisfy a vital prong in the municipal liability analysis. Thus, the Court need not reach the issue of

---

[120] *Id.*; Exh. A-5.
[121] Dkt. No. 28, Exh. B
[122] Dkt. No. 25, Exh. A at ¶ 5.
[123] *See Bates v. Dallas Indep. Sch. Dist.,* 952 S.W.2d 543, 549 (Tex.App.-Dallas 1997, writ denied)("the school board of trustees has final policymaking authority for a school district").

whether the practices identified actually resulted in a constitutional deprivation or served as a moving force behind a constitutional violation. Therefore, for the reasons articulated above, McAllen ISD's motion for summary judgment as to Plaintiff's Section 1983 claim is **GRANTED**.

## IV.   Plaintiff's Section 1985 Claim

As McAllen ISD notes in its motion for summary judgment, "Section 1985 provides a cause of action for several types of conspiracy theories, under subsection one through three."[124] McAllen ISD argues that Plaintiff has no cause of action under any provision of Section 1985.[125] According to McAllen ISD, Plaintiff's claim is fundamentally flawed because he cannot establish the "requisite conspiracy" to prevail on a Section 1985 action because, pursuant to Fifth Circuit case law, "a corporate entity and its employees constitute a 'single legal entity which is incapable of conspiring with itself.'"[126] In response, Plaintiff asserts merely that the relevant language for his Section 1985 claim is found in subsection three.[127] Plaintiff ignores the fundamental nature of a Section 1985 claim – a conspiracy.

Section 1985(3) prohibits, among several things, a conspiracy to deprive a person of the equal protection of the laws.[128] To state a claim under Section 1985(3), Plaintiff must allege facts to show: "(1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or a deprivation of any right or privilege of a citizen of the United States."[129] Furthermore, liability

---

[124] Dkt. No. 25 at ¶ 10. *See* 42 U.S.C. 1985.
[125] Dkt. No. 25 at ¶¶ 10 - 10.3.
[126] *Id.* at ¶ 10.2 (citing *Benningfield v. City of Houston,* 157 F.3d 369, 378 (5th Cir.1998); *Hilliard v. Ferguson,* 30 F.3d 649, 653 (5th Cir.1994)).
[127] Dkt. No. 27 at ¶ 4.11
[128] 42 U.S.C.A. § 1985 (West).
[129] *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citation omitted).

for conspiracy under Section 1985 "requires a showing of 'class-based, invidiously discriminatory animus behind the conspirator's action.'"[130]

By definition, a conspiracy requires two or more persons.[131] As a matter of law, a municipality is not capable of entering into a conspiracy with itself.[132] In *Hilliard v. Ferguson*, the Fifth Circuit held that "a school board and its employees constitute a single legal entity which is incapable of conspiring with itself for the purposes of § 1985(3)."[133] More recently, in *Crook v. El Paso Indep. Sch. Dist.*, the Fifth Circuit further explained that a Section 1985(3) lawsuit cannot be "satisfied by a suit against a school board because such a suit against the school board *alone* fails to allege conspiracy involving two or more persons."[134]

Thus, because McAllen ISD is the only defendant in this suit, and because it is incapable of entering into a conspiracy with itself, Plaintiff fails to assert a cognizable claim under Section 1985 as a matter of law. Far from providing evidence creating a genuine issue of material fact on this claim, Plaintiff has failed to even allege a conspiracy by two or more persons. Accordingly, McAllen ISD's motion for summary judgment on Plaintiff's Section 1985 claim must be **GRANTED**.

## V.     Plaintiff's Title IX Claim

Title IX generally prohibits sex discrimination in any education program or activity receiving federal funding.[135] Same-sex sexual harassment is actionable under Title IX.[136] Plaintiff claims that McAllen ISD's failure to have policies, procedures, practices, and customs

---

[130] *Aly v. City of Lake Jackson*, 605 Fed. Appx. 260, 263 (5th Cir. 2015) (citation omitted).
[131] CONSPIRACY, Black's Law Dictionary (10th ed. 2014) ("conspiracy *n.* (14c) An agreement by two or more persons to commit an unlawful act . . . .").
[132] *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir.1994); *Benningfield v. City of Houston,* 157 F.3d 369, 378 (5th Cir.1998).
[133] 30 F.3d 649, 653 (5th Cir. 1994).
[134] 277 Fed. Appx. 477, 480 (5th Cir. 2008) (emphasis added).
[135] 20 U.S.C. §1681.
[136] *See Doe ex rel. Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 219 (5th Cir.1998).

in place to assure that he would be protected from harassment and abuse based upon his gender violates his rights pursuant to Title IX.[137] Plaintiff further alleges that McAllen ISD knew or had constructive knowledge of improper sexual conduct between students and teachers.[138]

McAllen ISD first argues that Plaintiff has "failed to establish or even allege the first required element" of Title IX by failing to assert that "any of the complained-of actions were discrimination because of [Plaintiff's] gender."[139] On this point, McAllen ISD points to deposition testimony of Plaintiff where he states that (1) he does not see himself as a victim of sexual abuse due to his gender, nor (2) a victim of harassment or sexual abuse based on his sexual orientation.[140] However, the Supreme Court held in *Franklin v. Gwinnett County Pub. Sch.* that "sexual harassment of a student by a teacher constitutes actionable discrimination for the purposes of Title IX."[141] Furthermore, in *Gebser v. Lago Vista*, the Supreme Court again reiterated this principle: when a teacher sexually harasses and abuses a student then that teacher has discriminated on the basis of sex.[142] Finally, the Fifth Circuit has found that same sex sexual harassment is protected under Title IX.[143] Thus, the law is clear that sexual abuse of student by a teacher of the same sex constitutes discrimination within the meaning of Title IX. Plaintiff's affidavit describes oral sex, kissing and other physical contact with Gonzalez.[144] Accordingly, the Court finds that Plaintiff's affidavit describes conduct by Gonzalez sufficient to create a genuine fact issue on the first element of Title IX discrimination and the Court will proceed with its analysis.

---

[137] First Amended Complaint at ¶ 19(c).
[138] *Id.* at ¶ 13.
[139] Dkt. No. 25 at ¶ 11.2.
[140] Dkt. No. 25, Exh. B at p. 152.
[141] 503 U.S. 60 (1992); *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.,* 220 F.3d 380, 383 (5th Cir. 2000).
[142] 524 U.S. 274, 281-82 (1998) (drawing an analogy to when a supervisor sexually harasses a subordinate and citing *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 75 (1986)).
[143] *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d at 219.
[144] Dkt. No. 28, Exh. A at pp. 3-4.

The Supreme Court has long held that a plaintiff may pursue a Title IX claim for monetary damages based on discrimination in the form of sexual harassment.[145] Later, in *Gebser*, the Supreme Court established a multi-part analysis for establishing a sexual harassment claim under Title IX against a federal funding recipient: (1) the recipient or appropriate person had actual notice of the sexual harassment; and (2) the recipient or appropriate person did not adequately respond, i.e. responded with deliberate indifference.[146] *Gebser* defined an "appropriate person" as, at a minimum, an official of the recipient who has authority to address an alleged discrimination and put in place measures to rectify the discrimination.[147] Furthermore, as the Fifth Circuit has determined, "the deliberate indifference standard is a high one."[148] Accordingly, Plaintiff may not recover from McAllen ISD for Gonzalez's sexual harassment unless he can offer evidence to show that (1) a school district employee with supervisory power over Gonzalez had (2) actual notice of the harassment and (3) responded with deliberate indifference.[149]

> ### a. *Supervisory Power*

An employee with supervisory power is a school official "in a position with the authority to repudiate [abusive] conduct *and* eliminate the hostile environment on behalf of the school district"[150] The Fifth Circuit's holding omits "the bulk of employees, such as fellow teachers, coaches, and janitors unless the district has assigned them both the duty to supervise the employee who has sexually abused a student and also the power to halt the abuse."[151]

---

[145] *Franklin*, 503 U.S. 60 (1992).

[146] 524 U.S. 274 (1998).

[147] *Id.* at 290.

[148] *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 384 (5th Cir. 2000) (citation omitted).

[149] *King v. Conroe Indep. Sch. Dist.*, 289 Fed. Appx. 1, 4 n. 3 (5th Cir. 2007) (citing *Gebser,* 524 U.S. at 290).

[150] *Rosa H. v. San Elizario Indep. Sch. Dist.,* 106 F.3d 648, 661 (5th Cir.1997) (internal quotation marks and citation omitted) (emphasis in original).

[151] *Id.* at 660.

In this case, Flores, a former teacher at McAllen ISD avers that prior to April 2011, she complained of Gonzalez's behavior with male students to then McAllen High School Principal Beck.[152] In response, Flores asserts that Principal Beck responded that she was "just imagining things."[153] While this principal at McAllen High School may have had supervisory power over Gonzalez, the record fails to show she had actual notice, as explained below.

### b. *Actual Notice*

McAllen ISD argues that Plaintiff has failed to establish that an appropriate person at the school district had actual notice of the harassment.[154] In response, Plaintiff proffers the affidavit of Flores to show that the principal of McAllen High School was notified of potential issues with Gonzalez, and of other inappropriate relationships between students and teachers at McAllen High.[155] Pertinent to this analysis, the notice was allegedly provided to the principal before April 2011, about a year before the alleged sexual abuse started between Plaintiff and Gonzalez in San Antonio.

Plaintiff does not need to show that McAllen ISD knew that Gonzalez would abuse him; "plaintiff could prevail in this case, for example, by establishing that the school district failed to act even though it knew that [Gonzalez] posed a substantial risk of harassing students in general."[156] To establish actual notice under Title IX, Plaintiff must show that a McAllen ISD official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."[157] McAllen ISD can "escape liability if it can show 'that [it] did not know of the underlying facts indicating a sufficiently

---

[152] Dkt. No. 28, Exh. B at p. 1
[153] *Id.*
[154] Dkt. No. 25 at ¶ 11.3
[155] Dkt. No. 27 at ¶4.12.
[156] *Rosa H.*, 106 F.3d at 659.
[157] *Id.* at 658.

substantial danger and that [it was] therefore unaware of a danger, *or* that [it] knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.'"[158]

While Flores's affidavit indicates that a McAllen official was informed about Gonzalez's interactions with male students, the facts giving rise to Flores's complaint do not lead to the conclusion (1) that an official had knowledge of facts that would warrant the inference that students faced a substantial risk of sexual harassment by Gonzalez, and (2) that official in fact drew such an inference. The teacher who brought Gonzalez's conduct to the attention of the principal complained of "bizarre behavior."[159] Flores states that Gonzalez would pull male students out of class to speak to them alone in the hallway. "The student would have his back against the wall with [Gonzalez] right up in his face or with his arm on the wall next to the boy's head."

The conduct described here, alone, is susceptible to multiple interpretations, and is certainly not definitive to provide actual notice that Gonzalez was sexually abusing or harassing students, or that a substantial risk of such existed. Thus, the behavior described here fails to demonstrate that an official knew of facts to warrant the inference that students faced a substantial risk of sexual harassment by Gonzalez. Furthermore, Plaintiff also proffers no evidence to suggest that an official ever actually drew an inference that Gonzalez posed a risk to Plaintiff or other students.

Nothing in the record shows that McAllen ISD was aware of any incidents other than those that were investigated,[160] and Plaintiff has not demonstrated a fact issue as to McAllen ISD's actual knowledge of harassment. Title IX liability cannot be based on principles of

---

[158] *Id.* at 659 (quoting *Farmer v. Brennan*, 511 U.S. 825, 843-44 (1994)) (emphasis added).
[159] Dkt. No. 28, Exh. B at p. 1.
[160] Dkt. No. 25, Exh. A at ¶¶ 4-6.

*respondeat superior* or constructive notice.[161] Thus, the Court concludes that Plaintiff's summary judgment evidence cannot meet "Title IX's stringent actual-knowledge standard."[162]

### c. *Deliberate Indifference*

Even though Plaintiff has failed to demonstrate a genuine dispute as to the actual knowledge element of a prima facie Title IX claim, the Court will prudentially touch on the deliberate indifference standard. The Fifth Circuit has consistently found the deliberate indifference standard to be especially demanding: "The deliberate indifference standard is a high one. Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." Thus, "a school district has not sexually harassed a student unless it knows of a danger of harassment and chooses not to alleviate that danger."[163]

After reviewing the summary judgment evidence in this case, the Court notes that nothing proffered by Plaintiff generates a fact issue as to Plaintiff's allegation that McAllen ISD acted with deliberate indifference. Prior to the San Antonio trip, the only complaint pertaining to Gonzalez was as noted above. The district received no complaints about the April 2012 debate tournament during the trip or when the students returned.[164] When CPS alerted the district on November 18, 2013 of an anonymous complaint accusing Gonzalez of having a relationship with an unidentified student,[165] McAllen ISD Police Department promptly investigated the complaint. Gonzalez denied the allegations,[166] and since the complaint was anonymous, the investigation was closed for lack of information.[167]

---

[161] *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998).
[162] *Kelly v. Allen Indep. Sch. Dist.*, 602 Fed. Appx. 949, 954 (5th Cir. 2015).
[163] *Rosa H.*, 106 F.3d at 659.
[164] Dkt. No. 25, Exh. A at  ¶ 4.
[165] *Id.* at ¶ 5.
[166] *Id.*
[167] *Id.*

As soon as McAllen ISD was alerted to Plaintiff's allegations in April 2014, it swiftly initiated an investigation, immediately notified the McAllen ISD Police Department and CPS, and placed Gonzalez on paid leave.[168] Two days later, due to Ms. Moreno's lack of cooperation, the criminal investigation was suspended.

Plaintiff testifies that he brings this lawsuit to protest the way McAllen ISD handled the investigation:

> [The investigation] wasn't done in a manner that kept me in any way, shape, or form unknown to the situation. Like I was pulled out in front of everyone, and then not long after a teacher was suspended, so it's not exactly discrete [sic] at all.[169]

However, "Title IX does not require flawless investigations or perfect solutions."[170] The Court finds that Plaintiff has failed to demonstrate a fact issue as to deliberate indifference in this case. At best, Plaintiff's summary judgment evidence may show that McAllen ISD could have done more to respond to Flores's complaint. However, an inept response to one vague complaint is simply not enough to survive summary judgment on a Title IX claim.

"Unfortunately, it is increasingly evident from our docket that sexual harassment and molestation of students by teachers is not uncommon and may be a widespread phenomenon."[171] Nevertheless, the Court concludes that there is no genuine fact issue here that a supervisor at McAllen ISD had actual knowledge that Gonzalez posed a substantial risk of abusing students and responded with deliberate indifference. Accordingly, McAllen ISD is not liable under Title IX. Since Plaintiff has failed to submit evidence to raise a genuine issue of material fact, McAllen ISD's motion for summary judgment as to Plaintiff's Title IX claim must be **GRANTED**.

---

[168] *Id.*
[169] Dkt. No. 25, Exh. B at pp. 121-22.
[170] *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 170 (5th Cir. 2011) (citation omitted).
[171] *Rosa H.*, 106 F.3d at 657.

**VI.   Holding**

After carefully evaluating the motion, response and record, the Court finds Plaintiff has failed to raise a genuine issue of material fact on his 42 U.S.C. §1983, 42 U.S.C. §1985 and Title IX claims. Plaintiff is either foreclosed as a matter of law from pursuing his claims, or has wholly failed to present any evidence in support of them. Under these circumstances, and for the reasons stated herein, the Court finds summary judgment as to all claims is warranted.  For the foregoing reasons, the Court **GRANTS** the motion for summary judgment. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of June, 2016.

_____
Micaela Alvarez
United States District Judge